Filed 3/27/13  P. v. Wilbon CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056062 |
| v. | (Super.Ct.No. FBA800434) |
| ARTHUR LEE WILBON III, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Douglas M. Elwell, Judge.  Affirmed.

Joanna Rehm, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On May 28, 2009, defendant and appellant Arthur Lee Wilbon III was charged with assault on a child causing death (Pen. Code, § 273ab, count 1), and murder (Pen. Code, § 187, subd. (a), count 2).  He pled not guilty to the charges.  The matter was continued numerous times.  On March 18, 2011, the trial court signed an order

1

authorizing the defense to have a psychological evaluation done pursuant to Evidence Code section 1017.[1]  On March 14, 2012, defendant entered into a plea agreement and pled guilty to count 2.  The court dismissed the remaining count and sentenced defendant to 15 years to life in state prison, in accordance with the plea agreement.  The court awarded defendant 1181 days of presentence conduct credit pursuant to Penal Code section 2933.2, but later corrected the credits to award 1359 days of credit.

Defendant filed a notice of appeal in pro. per. challenging the validity of the plea. Defendant requested a certificate of probable cause, stating that he was denied effective assistance of counsel, in that his counsel "induced" the plea by his faulty advice regarding elements of a possible defense.  Defendant further alleged that his counsel failed to seek an insanity defense and failed to consult with him about the plea agreement. He also claimed he was under a heavy dose of medication when he signed the agreement. The trial court granted the certificate of probable cause.  We affirm.

FACTUAL BACKGROUND

The following facts are taken from the preliminary hearing transcript.  On the morning of June 30, 2008, Sergeant Andrew Espinoza responded to a report of an unresponsive baby.  The baby was the one-year-old child of Donshaya Anderson. Anderson had left the baby in defendant's care that morning.  Initially, defendant told the police that he had put the baby down to sleep while he watched television.  When he went to check on the baby, she was not breathing, so he "tried to blow into the baby's mouth"

---

[1]  The record on appeal does not indicate the results of such evaluation.

and then ran to the neighbor's apartment to call 911. Defendant subsequently changed his story and said that he had left the baby alone in the apartment while he went downstairs. He left the baby on the kitchen table, and she fell off the table and was crying on the floor when he returned. The baby was taken to the hospital. At the hospital, defendant told Sergeant Espinoza that he was watching the baby, he ran downstairs to give something to Anderson, and when he returned he found the baby on the floor crawling. She was fine, and he picked her up, fed her, and put her to bed. He later noticed that the baby was not responding, so he tried to revive her by breathing into her mouth.

When the baby arrived at the hospital, she was brain dead. An autopsy was performed by Dr. Changsri, who observed bruising to the front, sides, and back of the baby's head, and hemorrhaging to the lower gum line and the inside of the baby's lip. Dr. Changsri found severe hemorrhaging to the brain and the optic nerve. She also found retinal hemorrhaging. Dr. Changsri opined that the cause of death was an inflicted head injury. Another doctor, Dr. Sheridan, reviewed photographs from the autopsy and agreed with Dr. Changsri on the cause of death. Dr. Sheridan further opined that a fall from the table, as claimed by defendant, would not cause a fatal injury.

ANALYSIS

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case and the following potential arguable issue:

3

Was defendant deprived of effective assistance of counsel when he entered into the plea agreement? Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:


RICHLI

               J.


CODRINGTON

               J.